08 CV 7302

J. Alexander Lawrence
Sara N. Robbin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8000

Attorneys for Defendant
Bill Ginsburg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRIKE HOLDINGS, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>BILL GINSBURG<br><br>                    Defendant. | Civil Action No.<br><br>NOTICE OF REMOVAL TO<br>FEDERAL COURT<br><br>(28 U.S.C. § 1441) |



RECEIVED
AUG 18 2008
U.S.D.C. S.D. N.Y.
CASHIERS

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
       DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that Defendant Bill Ginsburg ("Defendant") hereby removes to this Court the state court action described below.

1.   On July 15, 2008, Strike Holdings, LLC ("Plaintiff") filed a cause of action against Defendant in the Supreme Court of the State of New York, County of New York, entitled *Strike Holdings, LLC v. Bill Ginsburg,* Index No. 109641/08. True and correct copies of the Complaint and other process, pleadings and orders are attached as Exhibit A.

2.   On July 19, 2008, Defendant was personally served with the Summons and Complaint at his home in Florida. This notice is therefore timely under 28 U.S.C. §1446(b).

ny-827392

3. The complaint alleges purported causes of action against Defendant related to an alleged breach of a Separation and Release Agreement. The complaint seeks damages in an excess of $523,798.00, and injunctive relief.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(b) (Diversity of Citizenship).

5. As alleged in the complaint, Plaintiff seeks damages in excess of $75,000 from Defendant.

6. At the time that Plaintiff commenced the state court action and at the time of removal, Defendant was and remains a citizen of the State of Florida.

7. At the time that Plaintiff commenced the state court action and at the time of removal, Strike Holdings, LLC was and remains a Delaware limited liability company with its principal place of business at 215 Park Avenue South, New York, New York, 10003.

8. At the time that Plaintiff commenced the state court action and at the time of removal, The Cobalt Group, LLC was and remains a New York limited liability company with its principal place of business at 215 Park Avenue South, New York, New York, 10003. The Cobalt Group, LLC is a member of Strike Holdings, LLC.

9. At the time that Plaintiff commenced the state court action and at the time of removal, defendant Thomas F. Shannon was and remains the sole member of The Cobalt Group, LLC. Mr. Shannon was and is a citizen of the State of New York, residing at 136 East 19th Street, New York, New York, 10003.

10. At the time that Plaintiff commenced the state court action and at the time of removal, The Onyx Funds, LLC was and remains a Delaware limited liability company with its

principal place of business in McLean, Virginia. The Onyx Funds was and is a member of Strike Holdings, LLC.

11. At the time that Plaintiff commenced the state court action and at the time of removal, SH Opportunities, LLC was and remains a Delaware limited liability company with its principal place of business in McLean, Virginia. SH Opportunities was and is a member of Strike Holdings, LLC.

12. At the time that Plaintiff commenced the state court action and at the time of removal, Strike Investment Company, LLC was and remains a Delaware limited liability company with its principal place in New York, New York. Strike Investment Company was and is a member of Strike Holdings, LLC.

13. At the time that Plaintiff commenced the state court action and at the time of removal, DuPont Fabros Development, LLC was and remains a Delaware limited liability company with its principal place in Washington, D.C. DuPont Fabros Development was and is a member of Strike Holdings, LLC.

14. At the time Plaintiff commenced the state court action and at the time of removal, MACXE, LLC was and remains a Delaware limited liability company with its principal place in New York, New York. MACXE, LLC was and is a member of Strike Holdings, LLC.

15. At the time that Plaintiff commenced the state court action and at the time of removal, John Josephson was and remains a citizen of the State of New York. Mr. Josephson was and is a member of Strike Holdings, LLC.

16. At the time that Plaintiff commenced the state court action and at the time of removal, Kaveh Khosrowshahi was and remains a citizen of the State of New York. Mr. Khosrowshahi was and is a member of Strike Holdings, LLC.

17.     At the time that Plaintiff commenced the state court action and at the time of removal, Jay Bockhaus was and remains a citizen of the State of New York. Mr. Bockhaus was and is a member of Strike Holdings, LLC.

18.     At the time that Plaintiff commenced the state court action and at the time of removal, Eran Ashany was and remains a citizen of the State of New York. Mr. Ashany was and is a member of Strike Holdings, LLC.

19.     At the time that Plaintiff commenced the state court action and at the time of removal, Edward Shaoul was and remains a citizen of the State of New York. Mr. Shaoul was and is a member of Strike Holdings, LLC.

20.     At the time that Plaintiff commenced the state court action and at the time of removal, A. Rahim Khawaja was and remains a citizen of the State of New York. Mr. Khawaja was and is a member of Strike Holdings, LLC.

21.     At the time that Plaintiff commenced the state court action and at the time of removal, Theresa Wojciula was and remains a citizen of the State of New York. Ms. Wojciula was and is a member of Strike Holdings, LLC.

22.     At the time that Plaintiff commenced the state court action and at the time of removal, John Mason was and remains a citizen of Washington, D.C., Maryland, or Virginia. Mr. Mason was and is a member of Strike Holdings, LLC.

23.     At the time that Plaintiff commenced the state court action and at the time of removal, Ali Baheri was and remains a citizen of the State of Virginia. Mr. Baheri was and is a member of Strike Holdings, LLC.

24.     At the time that Plaintiff commenced the state court action and at the time of removal, Sarah Godwin was and remains a citizen of the State of Virginia. Ms. Godwin was and is a member of Strike Holdings, LLC.

25.     For the reasons stated above, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Accordingly, pursuant to 28 U.S.C. § 1441(a) and (b), this action is removable.

26.     Written notice of the filing of this Notice of Removal shall be given to Plaintiff, the only adverse party, by and through its designated counsel as provided in 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Adverse Party of Removal to Federal Court is attached hereto as Exhibit B.

27.     A duplicate copy of the Notice to Adverse Party of Removal to Federal Court will be filed with the Supreme Court of the State of New York, County of New York, as provided by 28 U.S.C. § 1446(d).

28.     By removing this action from state to federal court, Defendant does not waive any defense he may have to lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, or any other defense whatsoever.

WHEREFORE, Defendant gives notice that this case has been removed from the Supreme Court of the State of New York, County of New York, to the Federal District Court for the Southern District of New York.

Dated: August 18, 2008                MORRISON & FOERSTER LLP

By: _____
J. Alexander Lawrence
Sara N. Robbin

1290 Avenue of the Americas
New York, New York, 10104-0012
Telephone: (212) 468-8000

Attorneys for Defendant Bill Ginsburg

ny-827392

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
STRIKE HOLDINGS, LLC,

                              Plaintiff,

      -against-

BILL GINSBURG,

                              Defendant.
----------------------------------------------------------------X

Index No. 109641/08
Date Filed: 7/15/08

**SUMMONS**

Plaintiff's Address:
215 Park Avenue South
Suite 1800
New York, New York 10003

The basis of venue is
Plaintiff's place of business is
located in New York County

To the above named defendant(s):

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in the action and to serve a copy of your Answer, or if the Complaint is not served with the Summons, to serve a Notice of Appearance on the Plaintiff's attorney within twenty (20) days after service of the Summons exclusive of the date of service (or within thirty (30) days after service is complete, if the Summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief set forth in the attached Complaint.

Dated: New York, New York
       July 11, 2008

                                        PLATTE, KLARSFELD, LEVINE
                                        & LACHTMAN, LLP

                                        By:   Jeffrey Klarsfeld, Esq.
                                        Attorneys for Plaintiff
                                        10 East 40th Street, 46th Floor
                                        New York, New York 10016
                                        (212) 726-4423

<u>Defendant's Address:</u>
Bill Ginsburg
17880 NE 31st Court
Apt. 2313
Aventura, Florida 33160

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
STRIKE HOLDINGS, LLC,

                Plaintiff,

-against-

BILL GINSBURG,

                Defendant.
-----------------------------------------------------------------X

Index No. 109641/08
Date Filed: 7/15/08

**VERIFIED COMPLAINT**

Plaintiff, Strike Holdings, LLC ("Plaintiff"), by its attorneys, Platte, Klarsfeld, Levine & Lachtman, LLP, as and for its Complaint, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a Delaware limited liability company authorized to conduct business in New York State, with a place of business at 215 Park Avenue South, Suite 1800, New York, New York 10003.

2. Upon information and belief, Defendant is an individual residing at 17880 NE 31st Court, Apt. 2313, Aventura, Florida 33160.

3. This cause of action accrued, and venue is properly laid in New York County.

### AS AND FOR A FIRST CAUSE OF ACTION

4. Defendant was employed by Plaintiff.

5. On or about April 25, 2007, Defendant and Plaintiff entered into a Separation Agreement and General Release (the "Agreement") whereby Defendant resigned from his employment with Plaintiff.

6. Pursuant to the Agreement, Plaintiff provided Defendant with severance pay, a bonus, health benefits, a blackberry handheld device and a computer.

7. Defendant represented in the Agreement that he had not retained or copied any confidential information, data or documents of Plaintiff, including without limitation, employee lists, manuals, customer lists and sales, technical or financial data, and that he would not use or disclose any confidential information or trade secrets which were learned or disclosed to him during his employment.

8. In the Agreement, Defendant also represented that he would not demean, criticize or deride Plaintiff or his employment with Plaintiff.

9. Subsequent to executing the Agreement, Defendant became employed by Lucky Strike Entertainment or a related entity ("Lucky"), a direct competitor of Plaintiff.

10. Upon information and belief, Defendant retained and/or copied Plaintiff's employee list and other confidential information and used such information to solicit Plaintiff's employees to work for Lucky.

11. Upon information and belief, Defendant demeaned, criticized and/or derided Plaintiff and his employment with Plaintiff in order to convince Plaintiff's employees to terminate their employment by Plaintiff.

12. As a direct result of Defendant's actions, several of Plaintiff's employees are now employed by Lucky.

13. Defendant has clearly breached the Agreement.

14. As a result of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, but believed to be in excess of $500,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

15. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "14" as if fully set forth herein.

2

16. As consideration for Defendant's abiding by the terms and conditions of the Agreement, Plaintiff provided Defendant with severance pay, a bonus, health benefits, a blackberry handheld device and a computer.

17. Defendant breached the Agreement by, among other things, retaining, copying, disclosing and using Plaintiff's confidential information, data and documents, by using such information to solicit and hire Plaintiff's employees and by demeaning, criticizing and/or deriding Plaintiff and/or his employment with Plaintiff.

18. As a result of Defendant's breaches of the Agreement, Plaintiff is entitled to a refund of all monies and other benefits paid to Defendant pursuant to the Agreement.

19. As a result of the foregoing, Plaintiff has suffered damages in the amount of $18,798.00.

## AS AND FOR A THIRD CAUSE OF ACTION

20. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "19" as if fully set forth herein.

21. Defendant represented in the Agreement that he had not retained or copied any confidential information, data or documents of Plaintiff, including without limitation, employee lists, manuals, customer lists and sales, technical or financial data, and agreed that he would not use or disclose any confidential information or trade secrets which were learned or disclosed to him during his employment.

22. In the Agreement, Defendant also represented that he would not demean, criticize or deride Plaintiff or his employment with Plaintiff.

23. Defendant breached the Agreement by, among other things, retaining, copying, disclosing and using Plaintiff's confidential information, data and documents; by using such

confidential information to solicit and hire Plaintiff's employees; and by demeaning, criticizing and/or deriding Plaintiff and/or his employment with Plaintiff.

24. Plaintiff has no adequate remedy at law.

25. As a result of the foregoing, Plaintiff seeks and an order enjoining Defendant from violating the Agreement, including ordering Defendant to return to Plaintiff any of Plaintiff's confidential information, data and documents; from disclosing such confidential information of documents; from using such confidential information or documents to solicit and hire Plaintiff's employees; and from demeaning, criticizing and/or deriding Plaintiff and/or his employment with Plaintiff.

## AS AND FOR A FOURTH CAUSE OF ACTION

26. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "25" as if fully set forth herein.

27. Pursuant to the Agreement, Defendant is liable for the attorneys' fees and costs incurred by Plaintiff in enforcing the Agreement.

28. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but believed to be in excess of $5,000.00.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

i) on Plaintiff's first cause of action, damages in an amount to be determined at trial, but believed to be in excess of $500,000.00;

ii) on Plaintiff's second cause of action, damages in the amount of $17,798.00;

iii) on Plaintiff's third cause of action, injunctive relief as sought therein;

4

    iv)    on Plaintiff's fourth cause of action, damages in an amount to be determined at trial, but believed to be in excess of $5,000.00;

    v)    along with such other and further relief as the Court deems just, equitable and appropriate.

Dated: New York, New York
       July 11, 2008

                              PLATTE, KLARSFELD, LEVINE
                              & LACHTMAN, LLP

                              By:    Jeffrey Klarsfeld, Esq.
                              Attorneys for Plaintiff
                              10 East 40th Street, 46th Floor
                              New York, New York 10016
                              (212) 726-4423

## VERIFICATION

Brett Parker, being duly sworn says: I am the Chief Financial Officer of the Plaintiff in the above entitled action; I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following: telephone conversations, meetings, documents and other written records/documents in Plaintiff's possession.

*Brett Parker*

Sworn to before me this
_11_ day of July, 2008

*Danielle Giorgianni*
Notary Public

DANIELLE GIORGIANNI
Notary Public, State of New York
No. 01GI6130708
Qualified in Suffolk County
Comm. Expires July 18, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

INDEX NO.:
==============================================================
STRIKE HOLDINGS, LLC,

                Plaintiff,

  -against

BILL GINSBURG,

                Defendant.

==============================================================

SUMMONS AND COMPLAINT

==============================================================

PLATTE, KLARSFELD, LEVINE & LACHTMAN, LLP
ATTORNEYS FOR PLAINTIFF
Office and Post Office Address
10 East 40th Street, 46th Floor
New York, New York 10016
(212) 726-4423

==============================================================
To:

Attorney(s) for
==============================================================
Service of a copy of the within                                                                          is
hereby

admitted.

Dated:        _____
                Attorney(s) for
==============================================================

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

STRIKE HOLDINGS, LLC,

                Plaintiff,

v.

BILL GINSBURG

                Defendant.

-----------------------------------------------------------------x

Index No. 109641/08

NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   PLAINTIFF STRIKE HOLDINGS, LLC AND ITS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that a Notice of Removal in the above-entitled action from the Supreme Court of the State of New York, County of New York, was filed in the offices of the Clerk of the United States District Court for the Southern District of New York on August 18, 2008. A true and correct copy of the Notice of Removal is attached hereto.

Dated: August 18, 2008        MORRISON & FOERSTER LLP

By: _____
J. Alexander Lawrence
Sara N. Robbin

1290 Avenue of the Americas
New York, New York, 10104-0012
Telephone: (212) 468-8000

Attorneys for Defendant Bill Ginsburg

ny-827468